**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PDVSA SERVICES, INC., | } | |
| | } | |
| *Plaintiff*, | } | |
| v. | } | Civil Action No. H-09-364 |
| | } | |
| TRANSEGURO C.A. de SEGUROS, | } | |
| | } | |
| *Defendant*. | } | |

**OPINION AND ORDER**

Presently before the Court is Dexton Validsa's (Dexton) motion to intervene and transfer or abate (Doc. 14).  Upon review and consideration of this document, the response, reply, and surreply thereto, and the relevant legal authority, the Court finds that the motion to intervene should be denied.

I.        Background and Relevant Facts

On February 9, 2009, Plaintiff PDVSA Services, Inc. (PSI), the international purchasing agent of Bariven S.A. (Bariven), initiated a breach of contract action against Defendant Transeguro C.A. de Seguros (Transeguro), a Venezuelan insurance company.  According to the allegations in Plaintiff's complaint, PSI contracted with Dexton, an international food commodities trader, to supply 100,000 metric tons of refined sugar (Contract 632) and 24,000 metric tons of beef (Contract 757).  Each contract required an advance payment equal to 30% of the total contract value.  Transeguro issued Letters of Guarantee Nos. 49-6112 and 49-6113 to PSI to guarantee repayment of the advances paid to Dexton under Contracts 632 and 757, respectively.  (Doc. 1 Ex. A, B).  The first article in both Letters of Guarantee includes a provision which states that the failure to perform must be the result of a breach by Dexton. (Doc. 1 Ex. A, B).  PSI claims that, after it made advance payments to Dexton, Dexton failed to

deliver any sugar under Contract 632 and that it only made a partial delivery of beef under Contract 757.  As such, PSI contends that Transeguro is required to reimburse PSI for the advanced payments.

On June 12, 2008, several months before PSI filed the instant suit, Dexton initiated an action against Bariven, the parent company of PSI, and PSI in the United States District Court for the Southern District of Florida for breaching Contracts 632 and 757 (the Florida action).  On July 15, 2008, Bariven sent letters to Dexton seeking the return on advanced payments for Contracts 632 and 757.  After Dexton refused, Bariven and PSI filed an answer to Dexton's complaint denying the breach of contract claims and asserting counterclaims for Dexton's breach of Contracts 632 and 757.  On July 10, 2009, the Florida Court issued a summary judgment which concluded that PSI and Bariven were liable to Dexton for breach of contract.  (Doc. 28).

With respect to the instant suit, PSI sent a letter to Transeguro on July 28, 2008, and demanded reimbursement for the advance payments made to Dexton.  After requesting further information and documentation concerning Dexton's material breach of Contracts 632 and 757, Transeguro refused to repay the Guaranteed Funds in Letters of Guarantee Nos. 49-6112 and 49-6113.  Transeguro's refusal to repay the Guaranteed Funds prompted PSI to initiate suit in this Court in early 2009.  Shortly thereafter, Dexton filed the instant motion to intervene claiming it is an indispensable party to this action.  (Doc. 14).  PSI disagrees, however.

II.        Discussion

"The purpose of intervention is to admit, by leave of court, a person who is not an original party into a proceeding.  The intervening party then becomes a 'party' for the purpose of protecting some right or interest alleged by the interven[o]r to be affected by the proceeding."

*Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994) (citing *In re Willacy County Water Control & Improvement Dist. No. 1*, 36 F. Supp. 36 (S.D. Tex. 1940)).  Rule 24 allows two types of intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24.

A.      Intervention as of Right

When a statute does not provide an unconditional right to intervene, Fed. R. Civ. P. 24(a)(2) allows intervention as of right if (1) the motion is timely, (2) the proposed intervenor claims an interest related to the property or transaction underlying the action, (3) disposition of the action may impair or impede the intervenor's ability to protect that interest, and (4) the current parties do not adequately represent the intervenor's interest.  *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (citing *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)).

Dexton claims that it should be permitted to intervene because it has a substantial interest in the lawsuit which otherwise would not be protected.  However, the Letters of Guarantee only include an agreement between PSI and Transeguro.  They do not include a promise for Dexton to indemnify Transeguro in the event Transeguro is required to pay PSI. Dexton attempts to characterize the Letters of Guarantee as performance bonds.  The Court is unpersuaded by such an attempt because the Letters of Guarantee are two-party insurance agreements.  "A surety differs from a guarantor, who is liable to the creditor only if the debtor does not meet the duties owed to the creditor; the surety is directly liable."  *Black's Law Dictionary* 1482 (8th ed. 2004).  A surety and his principal are generally bound by the same instrument which is executed at the same time and with the same consideration.  *Id.*  In this case, the contract between Dexton and PSI is separate from the contract between Transeguro and PSI, which does not include Dexton.  Therefore, the Letters of Guarantee are not suretyship agreements, and Dexton's position is distinguishable from that of a party that has agreed to

indemnify a surety and, as a result, has the right to intervene in the suit.  *Revere Copper & Brass v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 716 (5th Cir. 1970) ("It is well established that a contractor who has agreed to indemnify his surety on a performance bond can intervene as a party defendant as of right in a suit on the performance bond against the surety.").

       If Transeguro is required to indemnify PSI, then the possibility that Transeguro would commence an action against Dexton is a separate action and not directly related to this suit so as to justify intervention as of right.  *See Ross v. Marshall*, 456 F. 3d 442, 443 (5th Cir. 2006) (holding that intervention as of right requires a "direct" interest and that "[b]y definition, an interest is not direct when it is contingent on the outcome of a subsequent lawsuit"). Accordingly, the Court concludes that Dexton has no interest in the instant action.

       Furthermore, Dexton has failed to show that the disposition of this action may impair or impede its ability to protect its interest in this case.  Dexton's breach of contract claim against PSI was litigated in the Florida action where the Florida Court determined that Dexton did not breach Contracts 632 and 757 as a matter of law.  The outcome in the Florida action is dispositive on the issue in this case of whether Article 1 in the Letters of Guarantee of Contracts 632 and 757, requiring a breach by Dexton, has been triggered.  The Court finds that Dexton's rights and interests have been fully protected with a fair process for its claims against PSI in the Florida action.  Even if the Court determined that Dexton had an interest in the instant case, the Court finds that Transeguro would adequately represent that interest.  Since there is no contract requiring Dexton to indemnify Transeguro, Transeguro has a full interest in proving that Dexton's failure to deliver the goods in accordance with Contracts 632 and 757 was not Dexton's fault.

Because Dexton does not have a sufficient interest in the case, cannot establish that the disposition of this action may impair or impede its ability to protect its interest, and cannot establish inadequate representation, it does not have a right to intervene.

B.     Permissive Intervention

When a statute does not provide a conditional right to intervene, permissive intervention may be appropriate if the intervenor (1) timely files a motion, (2) has a claim or defense that shares a common question of law or fact with the main action, and (3) has an independent basis for jurisdiction.   Fed. R. Civ. P. 24(b)(1); *Harris v. Amoco Production Co.*, 768 F.2d 669, 675 (5th Cir. 1985) (citing *Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954)).   Permissive intervention is wholly at the discretion of the Court even if the requirements of Rule 24(b) are satisfied.   *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006); *Staley v. Harris County Texas*, 160 F. App'x 410, 414 (5th Cir. 2005) (citing *New Orleans Public Service v. United Gas Pipe Line Co.*, 732 F.2d 452 at 471 (5th Cir. 1984)).

Dexton claims it has satisfied these three requirements and should be allowed to intervene because of its interest in the suit.   Even if it did satisfy these three requirements, the Court nevertheless concludes that permissive intervention is inappropriate.   As the Court discussed previously, the Letters of Guarantee were a separate transaction between only PSI and Transeguro.   Furthermore, Dexton's interest is fully represented in the Florida action.   Finally, Dexton has failed to include "a pleading that sets out the claim or defense for which intervention is sought."   Fed. R. Civ. P. 24(c).   This absence makes it unclear as to what benefits Dexton's presence will add to this suit.   Accordingly, in its discretion, the Court finds that Dexton's request for permissive intervention must be denied.

III.         <u>Conclusion</u>

For the reasons set forth above, the Court hereby ORDERS that Dexton Validsa's

Motion to Intervene and Transfer or Abate (Doc. 14) is DENIED.

SIGNED at Houston, Texas, this 6th day of August, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE